# Exhibit 3



**U. S. Department of Justice**

Office of the Deputy Attorney General

---

The Deputy Attorney General                    *Washington, D.C. 20530*

January 15, 2019

TO:            UNITED STATES ATTORNEYS
               ASSISTANT ATTORNEYS GENERAL
               DIRECTOR, FEDERAL BUREAU OF INVESTIGATION

FROM:          THE DEPUTY ATTORNEY GENERAL

SUBJECT:       Applicability of the Wire Act, 18 U.S.C. § 1084, to Non-Sports Gambling

The Office of Legal Counsel (OLC) has published an opinion finding that all but one of the prohibitions of the Wire Act, 18 U.S.C. § 1084, apply to non-sports gambling. OLC reconsidered a 2011 opinion that reached a different conclusion.[1]

Department of Justice attorneys should adhere to OLC's interpretation, which represents the Department's position on the meaning of the Wire Act. *See* 28 C.F.R. § 0.25.

As an exercise of discretion, Department of Justice attorneys should refrain from applying Section 1084(a) in criminal or civil actions to persons who engaged in conduct violating the Wire Act in reliance on the 2011 OLC opinion prior to the date of this memorandum, and for 90 days thereafter. A 90-day window will give businesses that relied on the 2011 OLC opinion time to bring their operations into compliance with federal law. This is an internal exercise of prosecutorial discretion; it is not a safe harbor for violations of the Wire Act.

I am designating the Criminal Division's Organized Crime and Gang Section (OCGS) to review and approve proposed Wire Act charges. The Justice Manual will include a new review and approval process for prosecutions pursuant to the Wire Act.

Any Department attorney who has questions regarding implementation of the Wire Act should contact OCGS Deputy Chief Douglas Crow for further guidance.

---

[1] OLC's new opinion, *Reconsidering Whether the Wire Act Applies to Non-Sports Gambling*, concludes that only the second prohibition of the first clause of Section 1084(a), which criminalizes "the transmission . . . of . . . information assisting in the placing of bets or wagers *on any sporting event or contest*" (emphasis added), is limited to sports betting or wagering. www.justice.gov/olc/opinions-main. OLC explains that the limitation "on any sporting event or contest" in that second prohibition does not sweep backwards or forwards to reach the other prohibitions in Section 1084(a). Thus, the first prohibition (barring persons in the gambling business from knowingly using a wire communication facility to transmit "bets or wagers"), the third prohibition (barring any such persons from transmitting wire communications that entitle the recipient to "receive money or credit as a result of bets or wagers"), and the fourth prohibition (barring any such persons from transmitting wire communications "for information assisting in the placing of bets or wagers") extend to non-sports-related betting or wagering. The OLC opinion also concludes that the Unlawful Internet Gambling Enforcement Act (UIGEA), 31 U.S.C. §§ 5361-5367, does not modify Section 1084(a).