IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NEW HAMPSHIRE LOTTERY COMMISSION,<br><br>        Plaintiffs,<br><br>  v.<br><br>WILLIAM BARR,<br>in his official capacity as Attorney General,<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>        Defendants. | Civil Action No. 1:19-cv-00163 |
| NEOPOLLARD INTERACTIVE LLC,<br><br>POLLARD BANKNOTE LIMITED,<br><br>        Plaintiffs,<br><br>  v.<br><br>WILLIAM P. BARR,<br>in his official capacity as Attorney General of the United States of America,<br><br>THE UNITED STATES DEPARTMENT OF JUSTICE,<br><br>THE UNITED STATES OF AMERICA,<br><br>        Defendants. | Civil Action No. 1:19-cv-00170<br>(consolidated) |

**JOINT FILING REGARDING SCHEDULING**

Pursuant to this Court's minute entry order of February 22, 2019, the Parties in the above-captioned consolidated cases submit this joint filing regarding scheduling.

The Deputy Attorney General has issued a memorandum extending the forbearance period for all entities for an additional 60 days, through June 14, 2019. *See* Exhibit A. The Parties have therefore agreed on the following briefing schedule:

-March 8, 2019 – Deadline for intervenor the iDevelopment and Economic Association ("iDEA") (if granted) to file a motion for summary judgment and supporting papers (25 pages), and deadline for motions to participate as *amicus curiae* in support of Plaintiffs.

-March 22, 2019 – Deadline for Defendants to file a single consolidated brief in support of their dispositive motions and in opposition to all motions for summary judgment (40 pages),* and deadline for motions to participate as *amicus curiae* in support of Defendants.

-March 29, 2019 – Deadline for Plaintiffs to file individual reply briefs in support of their motions for summary judgment and in opposition to Defendants' dispositive motions (20 pages each).

-April 8, 2019 – Deadline for Defendants to file a single reply brief in support of their dispositive motions (25 pages).

In addition to the briefing schedule set out above, as to which the parties agree, Plaintiffs request that the Court hold oral argument on April 10 or 11, 2019, if able, or as soon thereafter as practicable. Defendants do not join this request, but if the Court elects to hold argument during the week of April 8, 2019, Defendants would prefer that such argument be held April 10, rather than April 11. The Parties are not available for oral argument on April 12.

On February 25, 2019, iDEA filed a motion to intervene. (*See* Dkt. No. 12.) That motion has not yet been ruled on, but counsel for iDEA has informed the Parties that it is amenable to any scheduling order entered by the Court in which its briefing deadlines (after its opening summary judgment submission) are aligned with those of the other Plaintiffs, and is committed to proceeding at maximum speed. The Parties do not oppose iDEA's motion to intervene, but Defendants reserve all rights to move to dismiss iDEA's complaint.

---

\*   Defendants have indicated they would prefer to file a single brief with respect to all Plaintiffs. Plaintiffs are amenable to that request and have agreed to an enlargement of the brief length, but preserve their right to each file their own answer and reply brief.

With respect to the agreed-upon schedule, the Parties separately state the following:

**Plaintiffs' statement**: Plaintiffs have agreed to the above schedule in an effort to accommodate Defendants. However, the Government's extension of forbearance does not eliminate the need to promptly resolve this case. Separate from the threat of criminal prosecution, Plaintiffs' operations have been declared unlawful by the Department of Justice, which has implications for Plaintiffs' business relationships. Moreover, there still exists the threat of civil liability. Additionally, the State of New Hampshire is presently in the process of establishing its biennial budget, of which the New Hampshire Lottery Commission's revenues are a significant component. This budget process must conclude by June 30, 2019. The State of New Hampshire cannot develop a budget that includes money generated by illegal activity. Similarly, the New Hampshire Lottery Commission needs clarity on the legality of its current arrangements so that it can respond appropriately in establishing its own operational plan for the upcoming fiscal year in a manner that conforms to federal law. For these reasons, if the Court does not believe the agreed-upon schedule permits it to issue a decision resolving this case by May 31, 2019, Plaintiffs respectfully request a telephonic conference in order to discuss an alternative briefing schedule that will accommodate such a resolution.

**Defendants' statement**: Defendants disagree with Plaintiffs' characterization as stated in the preceding paragraph; in light of the Parties' agreement upon a briefing schedule, however, there is no need to belabor those points now. Nonetheless, while Defendants have agreed upon an expedited briefing schedule in an attempt to accommodate Plaintiffs, as stated above, Defendants do not join in Plaintiffs' request for an argument date the same week that briefing closes and respectfully suggest that an argument date (if the Court elects to hold argument) in mid- or late-

3

April would be more than sufficient in light of the Court's previous indication that it requires approximately 30–45 days following a hearing to render a decision.

Respectfully submitted

Dated:   March 1, 2019          /s/   Anthony J. Galdieri
Anthony J. Galdieri, Bar # 18594
Senior Assistant Attorney General
Francis C. Fredericks, Bar # 21161
Senior Assistant Attorney General
Civil Bureau
New Hampshire Dept. of Justice
33 Capitol Street
Concord, NH 03301
(603) 271-3650
anthony.galdieri@doj.nh.gov
francis.fredericksjr@doj.nh.gov
*Counsel for Plaintiff the New Hampshire Lottery Commission*

Dated:   March 1, 2019          /s/   Michael A. Delaney
Michael A. Delaney
NH Bar No. 10504
MCLANE MIDDLETON, Professional Association
900 Elm Street
10th Floor
Manchester, NH 03101
(603) 628-1248
michael.delaney@mclane.com

Theodore B. Olson, *pro hac vice*
TOlson@gibsondunn.com
Matthew D. McGill, *pro hac vice*
MMcgill@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
*Counsel for Plaintiffs NeoPollard Interactive LLC and Pollard Banknote Limited*

Dated: March 1, 2019

        JOSEPH H. HUNT
        Assistant Attorney General

        SCOTT W. MURRAY
        United States Attorney

        JOHN R. TYLER
        Assistant Director, Federal Programs Branch

        /s/ Steven A. Myers
        STEVEN A. MYERS (NY Bar No. 4823043)
        Trial Attorney
        Federal Programs Branch
        U.S. Department of Justice, Civil Division
        1100 L St. NW
        Washington, DC 20005
        Telephone: (202) 305-8648
        Fax: (202) 616-8460
        Email: Steven.A.Myers@usdoj.gov

        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I certify that, on March 1, 2019, I served the foregoing via ECF electronic transmission in accordance with the Court's Administrative Procedures for ECF to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants, if any.

Dated:  March 1, 2019                   /s/   Michael A. Delaney
                                                     Michael A. Delaney, NH Bar No. 10504