IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **NEW HAMPSHIRE LOTTERY COMMISSION**, <br><br> **NEOPOLLARD INTERACTIVE, LLC**, and <br><br> **POLLARD BANKNOTE LIMITED,** <br><br> Plaintiffs, <br><br> v. <br><br> **WILLIAM BARR**, in his official capacity as Acting Attorney General of the United States of America, <br><br> **UNITED STATES DEPARTMENT OF JUSTICE**, and <br><br> **UNITED STATES OF AMERICA** <br><br> Defendants. | Civil Action No. 19-cv-00163-PB |

### iDEVELOPMENT AND ECONOMIC ASSOCIATION'S MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF MOTION FOR <u>RECONSIDERATION OF DENIAL OF INTERVENTION</u>

On February 25, 2019, iDevelopment and Economic Association ("iDEA"), a leading Internet gaming and entertainment trade association, filed an Emergency Motion to Intervene ("Motion") in this action to protect its members' interests and to advance its separate and distinct legal rights and interests of private parties operating outside the specific context of state lotteries. *See* ECF No 12. The Court denied, without prejudice, iDEA's Motion on March 6, 2019 after concluding that the existing Plaintiffs would adequately represent iDEA's interests. In denying iDEA's Motion, however, the Court stated that iDEA could seek reconsideration of the order at any time, if circumstances had changed. As discussed below, iDEA respectfully submits that the

circumstances surrounding this action have, in fact, changed since iDEA's Motion was denied. As such, iDEA hereby respectfully renews its request for intervention and seeks reconsideration of the Court's denial thereof.

## MEMORANDUM IN SUPPORT OF MOITION FOR RECONSIDERATION

As grounds for its motion, iDEA respectfully states as follows:[1]

1. On March 6 and 8 (via subsequent memorandum), this Court denied iDEA intervention status, doing so "without prejudice to the movant's right to seek reconsideration of the order at any time if, because of changed circumstances, the plaintiffs are unable to adequately represent the movant's interests." ECF. No. 24.

2. On March 22, 2019, Defendants filed a memorandum in opposition to Plaintiffs' Motion for Summary judgment and/or Motion to Dismiss. *See* ECF No. 47. In support of dismissal, Defendants challenged the standing of the existing Plaintiffs by arguing, *e.g.*, that its interpretation of the Wire Act does not specifically threaten "state lottery commissions or their vendors" and "entities similarly situated to them," *Id.* at 8, 10 & n.4—as distinct from purely private or non-lottery related entities, like iDEA's members. *See* ECF No. 12-2 at ¶¶3-7, ¶¶61-70. In addition, Defendants have argued that any relief this Court may enter should be strictly "limited to the Plaintiffs in this case." ECF No. 47 at 34. *But see* ECF No. 12-2 at ¶¶3-7, ¶¶61-70.

---

[1] Local Rule 7.2(d) states that parties should request reconsideration within 14 days of the order, "unless the party seeking reconsideration shows cause for not filing within that time. Cause for not filing within fourteen (14) days from the date of the order includes newly available material evidence and an intervening change in the governing legal standard." iDEA submits that cause exists both because the Court invited iDEA "to seek reconsideration of the order at any time . . . because of changed circumstances," ECF. No. 24, and because, as discussed herein, the United States' assertions regarding limiting the relief to the present Plaintiffs amount to such changed circumstances.

3. To the extent Defendants may now be retreating from threatened Wire Act prosecution vis-à-vis state lottery commissions and their vendors, iDEA's members still remain at risk. Indeed, so long as members of the regulated community continue their established businesses, there exists a real and credible threat that they may face criminal prosecution by the Department of Justice under its new interpretation of the Wire Act. Lest there be any doubt, the Rosenstein Memos warn that, after the now 150-day grace period expires, criminal prosecutions may commence. Under these circumstances, iDEA should be permitted to intervene in this action to protect the distinct interests of a broad array of private members that operate and support online gaming business around the country, in States including but not limited to New Hampshire. *See* ECF No. 12-2 ¶10 (alleging that "relevant activities of particular iDEA members in New Hampshire would further ground venue here"). Alternatively, Defendants may confess error on the merits by confirming that iDEA's members, whose operations are approved and regulated by the States where gaming activity occurs, will ***not*** be prosecuted by the Department of Justice. Unless and until that happens, iDEA should be permitted to intervene to seek relief that extends beyond the existing state-lottery-related Plaintiffs and goes far enough to protect the private, non-lottery related members of iDEA.

4. Plaintiffs have taken no position relative to the instant submission. When iDEA solicited the United States' position relative to iDEA's proposal to file a short submission responding to that of the United States (as contemplated by the agreed briefing schedule that had included iDEA), the United States indicated that it would oppose any request by iDEA for leave to file any further submission, as distinct from a request that the Court reconsider the denial of

intervention as to iDEA.[2]  When iDEA solicited the United States' position as to reconsideration of the denial of intervention, the United States indicated only that it reserves its right to oppose upon reviewing this submission.

\*     \*     \*

For the foregoing reasons, iDEA respectfully requests that the Court reconsider the denial of intervention to iDEA and grant it party status as Intervenor.

Dated:   March 28, 2019                                              Respectfully Submitted,

*/s/ A. Jeff Ifrah*_____
A. Jeff Ifrah (admitted *pro hac vice*)
Andrew J. Silver (admitted *pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue, N.W., Suite 650
Washington, D.C. 20006
Tel: 202-524-4140
jeff@ifrahlaw.com
asilver@ifrahlaw.com

Demetrio F. Aspiras, III (NH Bar No. 19518)
DRUMMOND WOODSUM
501 Islington Street, Suite 2C
Portsmouth, NH 03801
Tel: (603) 433-3317
Fax: (603) 433-5384
daspiras@dwmlaw.com

Derek L. Shaffer (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: 202-538-8000
Fax: 202-538-8100
derekshaffer@quinnemanuel.com

Claude M. Stern (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Drive Suite 560
Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-801-5100
claudestern@quinnemanuel.com

*Counsel for Amicus Curiae iDevelopment and Economic Association*

---

[2]  In the interests of time and minimizing burdens upon the Court, iDEA no longer contemplates filing any further submission replying to the United States' most recent filing, even if intervention is granted.  At the same time, iDEA believes that affording it party status may facilitate this Court's consideration and adjudication of the larger controversy: the threat DOJ's interpretation of the Wire Act poses relative to private entities that constitute iDEA.