## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

NEW HAMPSHIRE LOTTERY
COMMISSION,

          Plaintiffs,

    v.

WILLIAM BARR,
in his official capacity as Attorney General,

UNITED STATES DEPARTMENT OF
JUSTICE,

          Defendants.

Civil Action No. 1:19-cv-00163-PB

NEOPOLLARD INTERACTIVE LLC,

POLLARD BANKNOTE LIMITED,

          Plaintiffs,

    v.

WILLIAM P. BARR,
in his official capacity as Attorney General of
the United States of America,

THE UNITED STATES DEPARTMENT OF
JUSTICE,

THE UNITED STATES OF AMERICA,

          Defendants.

Civil Action No. 1:19-cv-00170-SM
(consolidated)

## <u>DECLARATION OF STEVEN A. MYERS</u>

1.      I, Steven A. Myers, am a trial attorney in the Federal Programs Branch of the Civil

Division of the U.S. Department of Justice.  I am counsel for Defendants in this action.

2.      Attached as Exhibit 1 hereto is a copy of a memorandum from the Deputy Attorney General titled "Notice Regarding Applicability of the Wire Act, 18 U.S.C. § 1084, to State Lotteries and their Vendors," dated April 8, 2019.

3.      Attached as Exhibit 2 hereto is a copy of a memorandum from Deputy Attorney General Byron White to David E. Bell, Director, Bureau of the Budget, dated September 1, 1961.

4.      Attached as Exhibit 3 hereto is a copy of a memorandum from Phillip S. Hughes, Assistant Director for Legislative Reference, Bureau of the Budget, to President John F. Kennedy, dated September 7, 1961.

5.      Original copies of exhibits 2 and 3 are available at the John F. Kennedy Presidential Library and Museum in Boston, Massachusetts. *See generally* Papers of John F. Kennedy, Presidential Papers, Bureau of the Budget Bill Reports, https://www.jfklibrary.org/asset-viewer/archives/JFKBBBBR (attached materials are from series 1, box 007).

6.      I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2019                              /s/ *Steven A. Myers*

STEVEN A. MYERS (NY Bar No. 4823043)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L St. NW
Washington, DC 20005
Telephone: (202) 305-8648
Fax: (202) 616-8470
Email: Steven.A.Myers@usdoj.gov

*Counsel for Defendants*

# EXHIBIT 1

**U. S. Department of Justice**

Office of the Deputy Attorney General

---

The Deputy Attorney General                          *Washington, D.C. 20530*

April 8, 2019

TO:            UNITED STATES ATTORNEYS
               ASSISTANT ATTORNEYS GENERAL
               DIRECTOR, FEDERAL BUREAU OF INVESTIGATION

FROM:          THE DEPUTY ATTORNEY GENERAL

SUBJECT:       Notice Regarding Applicability of the Wire Act, 18 U.S.C. § 1084,
               to State Lotteries and their Vendors

On January 15, 2019, I issued a memorandum titled "Applicability of the Wire Act, 18 U.S.C. § 1084, to Non-Sports Gambling," directing you to refrain from applying Section 1084(a) in criminal or civil actions to persons who engaged in conduct violating the Wire Act in reliance on the 2011 opinion of the Office of Legal Counsel (OLC), and for 90 days after the publication of OLC's revised 2018 opinion. My memorandum of February 28, 2019, extended the window until June 14, 2019.

The OLC opinion did not address whether the Wire Act applies to State lotteries and their vendors. The Department is now reviewing that question. Department of Justice attorneys should refrain from applying Section 1084(a) to State lotteries and their vendors, if they are operating as authorized by State law, until the Department concludes its review. If the Department determines that the Wire Act does apply to State lotteries or their vendors, then Department of Justice attorneys should extend the forbearance period for 90 days after the Department publicly announces this position. This would allow State lotteries and their vendors a reasonable time to conform their operations to federal law.

All other provisions of my January 15, 2019 and February 28, 2019 memoranda remain in effect.

Any Department attorney who has questions regarding implementation of the Wire Act should contact the Criminal Division's Organized Crime and Gang Section Deputy Chief Douglas Crow for further guidance.

# EXHIBIT 2

## UNITED STATES DEPARTMENT OF JUSTICE

### OFFICE OF THE DEPUTY ATTORNEY GENERAL

WASHINGTON, D. C.

SEP  1 1961

Honorable David E. Bell
Director, Bureau of the Budget
Washington, D. C.

Dear Mr. Bell:

In compliance with Mr. Hughes' request, I have had
examined a facsimile of the enrolled bill (S. 1656) "To amend
Chapter 50 of title 18, United States Code, with respect to
the transmission of bets, wagers, and related information."

This bill which is a part of the Department of
Justice Anti-Crime Legislative Program for the 87th Congress,
primarily seeks to assist the states in the enforcement of
their laws pertaining to gambling.  Specifically, it would
make it criminal for one engaged in the  business of betting
to knowingly use a wire communication facility in interstate
or foreign commerce for the transmission of bets or wagers
or information assisting in the placing of bets or wagers.
Exemption is provided for news reporting of sporting events
and for the transmission of gambling information from a state
where betting on that sporting event is legal into a state in
which such betting is also legal.

Provision is made for a common carrier to be noti-
fied in writing by the interested law enforcement agency that
its facility is being used for gambling purposes; the carrier
then is required to notify the subscriber that service will
be refused or discontinued.  This procedure will prevent the
carrier from incurring liability for its compliance with the
law.

The Department of Justice strongly supports this
measure and its approval is recommended.

Sincerely yours,

Byron R. White
Deputy Attorney General

# EXHIBIT 3



APPROVED
SEP 13 1961

**EXECUTIVE OFFICE OF THE PRESIDENT**

**BUREAU OF THE BUDGET**

**WASHINGTON 25, D. C.**          SEP   7 1961

MEMORANDUM FOR THE PRESIDENT

Subject:   Enrolled Bill S. 1656 - Prohibiting transmission of bets
              by wire communications
           Sponsor - Sen. Eastland (D) Mississippi

Last Day for Action

September 13, 1961 - Wednesday

Purpose

To make it a Federal criminal offense, punishable as a felony, for
professional gamblers to use a wire communication facility in inter-
state or foreign commerce to transmit bets or wagers or information
assisting in the placing thereof.  Exemption is provided for news
reporting of sporting events and for the transmission of gambling
information from a state where betting on that sporting event is
legal into a state in which such betting is also legal.  The bill
also imposes an obligation upon any common carrier subject to
Federal Communications Commission jurisdiction to refuse or dis-
continue any illegal gambling use of its facility, and grants
freedom from any liability for doing so.

Agency Recommendations

Bureau of the Budget                        Approval

Department of Justice                       Approval
Department of State                         No objection
Federal Communications Commission           No objection

Discussion

This bill is another of a series of proposals recommended for enact-
ment by the Attorney General to combat organized crime.  The measure
creates a new Federal crime, but it is also another instance (true
also of enrolled S. 1657) in which the Federal Government, by invoking
its Commerce Clause powers as it has done here, can assist the States
in effective enforcement of their anti-gambling laws, a goal now often-
times impossible to achieve because of geographical boundaries and
Constitutional limitations.

Phillip S. Hughes
Assistant Director for
Legislative Reference

Enclosures