# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NEW HAMPSHIRE LOTTERY COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>WILLIAM BARR,<br>in his official capacity as Attorney General,<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendants. | Civil Action No. 1:19-cv-00163 |
| NEOPOLLARD INTERACTIVE LLC,<br><br>POLLARD BANKNOTE LIMITED,<br><br>    Plaintiffs,<br><br>  v.<br><br>WILLIAM P. BARR,<br>in his official capacity as Attorney General of the United States of America,<br><br>THE UNITED STATES DEPARTMENT OF JUSTICE,<br><br>THE UNITED STATES OF AMERICA,<br><br>    Defendants. | Civil Action No. 1:19-cv-00170<br>(consolidated) |

**NEOPOLLARD INTERACTIVE LLC AND POLLARD BANKNOTE LIMITED'S BRIEF IN RESPONSE TO iDEVELOPMENT AND ECONOMIC ASSOCIATION'S MOTION FOR RECONSIDERATION OF DENIAL OF INTERVENTION**

The Department of Justice's eleventh-hour gamesmanship calls for reconsideration of iDEA's motion to intervene.  *See* iDevelopment and Economic Association's Mot. and Incorporated Mem. in Supp. of Mot. for Reconsideration of Denial of Intervention (Dkt. No. 56).

In its sur-reply brief, filed just three days before oral argument, the Department has represented that it is "now reviewing" whether "the Wire Act applies to State lotteries and their vendors."  *See* Myers Decl., Ex. 1 (Dkt. No. 61-1).  If this late-breaking memorandum actually mooted Plaintiffs' claims for relief and deprived this Court of Article III jurisdiction in the manner the Department suggests, that would call into question this Court's conclusion that the New Hampshire Lottery Commission and NeoPollard could adequately represent iDEA's interests in this litigation.  *See* Order of March 8, 2019, at 10 (Dkt. No. 24) ("iDEA's interests will be adequately represented in this litigation.").

But for multiple reasons, the Department's new memorandum does *not* diminish this Court's Article III jurisdiction in any way.  First, the new memorandum does not remotely constitute "an unambiguous disclaimer of intent to prosecute."  Gov't Sur-Reply Br. 4; *see also Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 302 (1979) (standing exists where the state "has not disavowed any intention of invoking the criminal penalty provision"); *see also N.H. Right to Life Political Action Comm v. Gardner*, 99 F.3d 8, 17 (1st Cir. 1996) (challenge is ripe because "the statute in question is not a dead letter, and the defendants have not disclaimed any intention ever to enforce it").  The Department's latest memorandum does nothing to reverse the 2018 Opinion's determinations that render NeoPollard's business unlawful; it offers only to "review[]" whether lotteries are covered by the Wire Act, with no timetable for the conclusion of that reexamination.  The promise of a "review" does not lift the threat of prosecution; it *confirms* it.  That exposure to prosecution has been deferred until the completion of this review does not diminish

NeoPollard's injury:  The 2018 Opinion makes NeoPollard's business unlawful, and while NeoPollard waits in a purgatory of indefinite duration for the Department to complete its "review" of that conclusion, employees and investments will flow elsewhere.  And the larger lottery industry likewise will be forced to sit on tenterhooks, with state budgets, thousands of jobs, and numerous legitimate businesses carefully built over nearly a decade hanging in the balance.  NeoPollard continues to suffer an Article III injury-in-fact as a result of the 2018 Opinion's conclusion that the Wire Act is not limited to sports betting.

Second, even if the Department did now unambiguously state that state lotteries and their vendors lie beyond the Wire Act's scope, such voluntary cessation by the Department cannot be used to circumvent judicial review:  "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal quotation marks omitted).  The voluntary cessation doctrine should apply with special force here because—as the Department's reversal of the 2011 Opinion amply illustrates—the Office of Legal Counsel ("OLC") and Deputy Attorney General cannot bind future administrations.  Only a court can say what the law is and permanently relieve NeoPollard of the injury the 2018 Opinion has imposed.

Finally, and perhaps most tellingly, the Department's new memorandum suggests no basis whatsoever for construing the Wire Act to exclude state lotteries and their vendors.  In fact, as the Department "acknowledge[s]" (Gov't Sur-Reply Br. 3), the Department has expressly taken the opposite position in the past.  *See* Letter from Laura H. Parsky, Deputy Assistant Attorney General, to Carolyn Adams, Illinois Lottery Superintendent (May 13, 2005), Delany Decl., Ex. 1 (Dkt. No. 57-2).  Indeed, contrary to the new claim that the "OLC opinion did not address whether the Wire

Act applies to State lotteries and their vendors," Mem. from Rod J. Rosenstein, Deputy Attorney General, to U.S. Attorneys (Apr. 8, 2019) (Dkt. No. 61-1, at 4), the 2018 OLC Opinion expressly acknowledged that its new interpretation of the Wire Act implicates the operations of state lotteries when it recognized that some states "began selling lottery tickets via the Internet after the issuance of [the] 2011 Opinion," but concluded that those "reliance interests" were not "sufficient to justify continued adherence to the 2011 Opinion," 2018 Opinion at 22–23.  And casting further doubt on the ability of the Department to waive the Wire Act's application to state lotteries and their vendors, the OLC further said that if it were "appropriate to protect those [reliance] interests" of state lotteries, such protection needed to come from "*Congress*," because it is that branch of government that "retains ultimate authority over the scope of the statute and may amend the statute at any time, either to broaden or narrow its prohibitions." *Id.* (emphasis added).

For all these reasons, the Department's latest memorandum does not destroy the Article III controversy between Plaintiffs and Defendants over the scope of the Wire Act's prohibitions. Therefore, there is no present cause for this Court to reconsider its decision as to iDEA's motion for intervention as of right.

The Department's apparent willingness to gerrymander its recently released opinion to frustrate judicial review does, however, change the calculus for *permissive* intervention. NeoPollard initially took no position on iDEA's motion for reconsideration because, at the time, there was no indication that the Department would take voluntary action to frustrate or delay judicial review. Although the Department's present attempt plainly fails, the Department should not be allowed to shield its revision of the Wire Act's scope from judicial review through similar types of gamesmanship. The Department's intervening conduct plainly constitutes "newly discovered evidence" that permits reconsideration of iDEA's motion for permissive intervention. *See* Fed. R. Civ. P.

3

60(b)(2). And allowing iDEA to intervene would ensure that future gambits by the Department cannot manipulate the Article III jurisdiction over this crucial pre-enforcement challenge. *See Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 52 n.2 (2006) ("the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement"); *see also Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017) ("At least one plaintiff must have standing to seek each form of relief requested in the complaint.").

This Court should grant iDEA's motion for reconsideration and grant iDEA's motion for permissive intervention.

Dated:   April 9, 2019                         Respectfully submitted,

/s/ Michael A. Delaney
Michael A. Delaney
NH Bar No. 10504
MCLANE MIDDLETON, Professional Association
900 Elm Street
10th Floor
Manchester, NH
(603) 628-1248
michael.delaney@mclane.com

Theodore B. Olson, *pro hac vice*
TOlson@gibsondunn.com
Matthew D. McGill, *pro hac vice*
MMcgill@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

*Counsel for Plaintiffs NeoPollard Interactive LLC and Pollard Banknote Limited*