# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NEW HAMPSHIRE LOTTERY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM BARR, <br> in his official capacity as Attorney General, <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendants. | Civil Action No. 1:19-cv-00163 |
| NEOPOLLARD INTERACTIVE LLC, <br><br> POLLARD BANKNOTE LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM P. BARR, <br> in his official capacity as Attorney General of the United States of America, <br><br> THE UNITED STATES DEPARTMENT OF JUSTICE, <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendants. | Civil Action No. 1:19-cv-00170 (consolidated) |

**NEOPOLLARD INTERACTIVE LLC AND POLLARD BANKNOTE LIMITED'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY FILED BY *AMICI CURIAE* COALITION TO STOP INTERNET GAMBLING AND NATIONAL ASSOCIATION OF CONVENIENCE STORES**

Plaintiffs NeoPollard and Pollard Banknote ("NeoPollard") respectfully submit this Response to the Notice of Supplemental Authority Filed by *Amici Curiae* Coalition to Stop Internet Gambling and National Association of Convenience Stores ("CSIG") (Dkt. No. 77).

In its "Notice of Supplemental Authority," CSIG adduces archival materials in a renewed attack on Deputy Attorney General Byron White's testimony before the Senate Judiciary Committee on July 10, 1961. White had testified that the amended (and final) version of the Wire Act was "aimed now at those who use the wire communication facility for the transmission of bets or wagers in connection with a sporting event." CSIG Notice of Supp. Authority at 1. CSIG claims that the archival materials it has put before the Court raise the possibility that the version of the bill discussed at the July 10 hearing may not have been punctuated identically to the final bill, but that it was "unable to identify a document that definitively establishes how the written text of the bill was punctuated on July 10." *Id.* at 2.

NeoPollard, however, *has* found the draft bill that was discussed at that hearing, and, unsurprisingly, the relevant text and punctuation is identical to the enacted law. The Report of Proceedings before the Senate Committee on the Judiciary held on July 10, 1961 included the draft bill under discussion, "Appendix B," as a "Committee Insert." Ex. A at 1 ("Appendix B"); *see* Ex. B at 4–5 (noting "Committee Insert" and referring to it as "Appendix B"). Appendix B is located in the National Archives together with the transcript of the hearing, and a copy is attached to this Response as Exhibit A.[1] The relevant portion of Appendix B's text is *identical* in language and punctuation to the enacted statute: " . . . transmission in interstate or foreign commerce of bets or wagers or information assisting in the placing of bets or wagers on any sporting event or contest,

---

[1] Appendix B, part of S. 1656; Committee on the Judiciary; Papers Accompanying Specific Bills and Resolutions (SEN87A-E12); 87th Congress; Records of the United States Senate, Record Group 46; Box 20; National Archives Building, Washington, D.C. The Report of Proceedings is attached as Exhibit B.

or for the transmission of a wire communication which entitles the recipient to receive money or credit as a result of bets or wagers, or for information assisting in the placing of bets or wagers . . . ." Ex. A at 1–2. The premise of CSIG's Notice of Supplemental Authority is thus incorrect—Deputy Attorney General White was undoubtedly discussing the final version of the relevant portion of the bill when he testified that it was limited to sport betting.[2]

The "confidential committee print" dated July 21, 1961 that CSIG has put before the Court therefore sheds no light on the meaning of Deputy Attorney General White's testimony. CSIG Notice of Supp. Authority, Ex. C. In any event, the stray comma in that committee print is clearly a typographical error, as the comma makes no grammatical sense under any reading of the statute. *See id*. at 2 ("Whoever being engaged in the business of betting or wagering knowingly uses a wire communication facility for the transmission in interstate or foreign commerce of bets or wagers or information**,** assisting in the placing of bets or wagers on any sporting event or contest . . . .") (emphasis added). The relevant portion of Appendix B, on the other hand, reflects exactly the punctuation and language of the bill as enacted by Congress.

Finally, the memorandum from Deputy Attorney General White to the Director of the Bureau of the Budget that CSIG adduces also provides no support for its position. CSIG notes that

---

[2] In case there were any doubt that "Appendix B" is the same draft bill that the Committee was discussing on July 10, 1961: (1) Appendix B is located together with the Report of Proceedings in the same folder in the National Archives; (2) the hearing transcript indicates that the text of the bill under discussion was a "committee insert" that was titled "Appendix B," Ex. B at 4–5; and (3) the transcript corresponds exactly with Appendix B; *compare* Ex. B at 5 ("The language which is omitted from the bill in printed form is, 'Whoever leases, furnishes, or maintains any wire communication facility' and so on, which appears in lines 15 through 20 in the mimeographed sheet . . . ."), *with* Ex. A at 1 (same language appearing at lines 15 through 20); *compare* Ex. B at 53 ("Section 4 . . . begins on line 39 of page 2 and runs to the end of the copy."), *with* Ex. A at 2–3 (Section 4 beginning on page 2, line 39 and continuing until the end of the document); *compare* Ex. B at 8 (in the "appendix on page 3, line 51, there is a word wrong there" that should read "'secure'"), *with* Ex. A at 3 (the typewritten word "sure" is crossed out and "secure" is added in pencil on page 3, line 51).

2

the memorandum does not say that the Act is limited to sports gambling.  *See* CSIG Notice of Supp. Authority at 2–3.  Indeed, the memorandum does not make *any* mention of sports gambling, even though it is undisputed that the Act applies only to those transmissions of "information assisting in the placing of bets or wagers" that are "on any sporting event or contest."  18 U.S.C. § 1084(a).  Instead, the memorandum states that the Act makes it criminal to use a wire communication facility for "the transmission of bets or wagers or information assisting in the placing of bets or wagers."  CSIG Notice of Supp. Authority, Ex. D at 1.  The memorandum therefore does not even accurately summarize the portions of the Act on which all parties agree.

Dated:   May 9, 2019                                         Respectfully submitted,

/s/ Michael A. Delaney
Michael A. Delaney
NH Bar No. 10504
McLane Middleton, Professional Association
900 Elm Street
10th Floor
Manchester, NH
(603) 628-1248
michael.delaney@mclane.com

Theodore B. Olson, *pro hac vice*
TOlson@gibsondunn.com
Matthew D. McGill, *pro hac vice*
MMcgill@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

*Counsel for Plaintiffs NeoPollard Interactive LLC and Pollard Banknote Limited*

# CERTIFICATE OF SERVICE

I certify that, on May 9, 2019, I served the foregoing document via ECF electronic transmission in accordance with the Court's Administrative Procedures for ECF to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants, if any.

Dated: May 9, 2019

/s/ Michael A. Delaney
Michael A. Delaney
NH Bar No. 10504
McLane Middleton, Professional Association
900 Elm Street
10th Floor
Manchester, NH
(603) 628-1248
michael.delaney@mclane.com

*Counsel for Plaintiffs NeoPollard Interactive LLC and Pollard Banknote Limited*