UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**New Hampshire Lottery Commission, et al.**

    v.

**William Barr, in his official capacity as Attorney General of the United States of America, et al.**

Case No. 19-cv-163-PB

**O R D E R**

Shortly before I issued the order granting summary judgment to the plaintiffs in this case, the Coalition to Stop Internet Gambling and the National Association of Convenience Stores filed a joint motion to intervene.  See Doc. No. 80.  I previously granted their request to appear as amici in support of the government; they submitted legal memoranda and participated in oral argument.  They now argue intervention is necessary to prevent the possibility that "this Court or the Court of Appeals [will] conclude that the Wire Act does not apply to Plaintiffs because of the 'whoever' language" in that statute.  See Doc. No. 80-1 at 2.  This refers to the Lottery Commission's argument that state agencies, their employees, and state vendors are exempted from the Act's proscriptions.  I declined to reach that issue in my decision.  See N.H. Lottery Comm'n v. Barr, 2019 DNH 091, 2019 WL 2342674, at *8 n.6 (D.N.H.

June 3, 2019) ("Given that I construe the Wire Act to be limited to sports gambling, I need not reach the viability of the Commission's Dictionary Act argument.").

In the unlikely event that issue emerges on appeal, I am confident that the Court of Appeals will give careful attention to any amicus brief the putative intervenors may choose to file. Accordingly, I am unpersuaded that their interests will be inadequately represented on appeal.  See Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll., 807 F.3d 472, 475 (1st Cir. 2015) ("[W]e require putative intervenors to produce something more than speculation as to the purported inadequacy of representation.") (citation and internal quotation marks omitted); Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 207 (1st Cir. 1998) ("A party that seeks to intervene as of right must produce some tangible basis to support a claim of purported inadequacy.").

For the same reason, I decline to offer permissive intervention.

The motion to intervene (Doc. No. 80) is denied.

SO ORDERED.

/s/ Paul J. Barbadoro_____
Paul J. Barbadoro
United States District Judge

June 20, 2019

cc:    Francis Charles Fredericks, Esq.
       Anthony Galdieri, Esq.
       Matthew D. McGill, Esq.
       Michael A. Delaney, Esq.
       Theodore B. Olson, Esq.
       Steven A. Myers, Esq.
       Matthew J. Glover, Esq.
       Alain J. Ifrah, Esq.
       Andrew J. Silver, Esq.
       Claude M. Stern, Esq.
       Demetrio F. Aspiras, III, Esq.
       Derek L. Shaffer, Esq.
       Avram D. Frey, Esq.
       Gillian A. Woolf, Esq.
       Lawrence S. Lustberg, Esq.
       Meghal J. Shah, Esq.
       Thomas R. Valen, Esq.
       Donald S. McGehee, Esq.
       Mark G. Sands, Esq.
       Melinda A. Leonard, Esq.
       Peter S. Cowan, Esq.
       A Michael Pratt, Esq.
       Christopher B. Chuff, Esq.
       Joanna J. Cline, Esq.
       Patrick J. Queenan, Esq.
       Robert R. Lucic, Esq.
       Brian W. Barnes, Esq.
       Charles J. Cooper, Esq.
       David H. Thompson, Esq.
       J. Joel Alicea, Esq.
       Michael J. Tierney, Esq.
       Nicole Frazer Reaves, Esq.
       Stephen N. Zaharias, Esq.